IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON M. CORA, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:10-CV-2341
:
JOSEPH PIAZZA, et al., : (Judge Munley)
:
    Defendants :

## MEMORANDUM
### Background

Ramon M. Cora ("Plaintiff"), an inmate presently confined at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, initiated this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The Complaint is accompanied by an *in forma pauperis* application. For the reasons that follow, Plaintiff's action will be dismissed without prejudice.

Named as Defendants are the following officials at the Luzerne County Correctional facility: Warden Joseph Piazza; Sergeant Mike Rostowski; Detective Noone as well as Lieutenants Smith, Lynch, and Wild. Plaintiff correctly notes that he previously filed another civil rights action which is presently pending before this Court. See Cora v. Skurkis, et al., Civil Action No. 3:10-CV-2059.[2] In addition to his listing of the Defendants, Cora's instant Complaint

---

[1] Cora completed this Court's form application to proceed *in forma pauperis* and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden at his present place of confinement to commence deducting the full filing fee from Plaintiff's prison trust fund account.

[2] Sergeant Rostowski is the only person named as a defendant in both Complaints. It is also
(continued...)

1

alleges in its entirety as follows:

> To Whom it may concern          10-04-10
>
> If this facility ever send you corsponces [sic][presumably correspondence] back to you it's either I went home or to another jail My address home address is 35 South Franklin Street p.a. 18702. WB, P.A. Thank you in advance Sir or Mam Wilkes Barre P.A. 18702

Doc. 1, p. 2.

On November 18, 2010, Plaintiff filed what has been docketed as a proposed amended complaint. See Doc. 7. Named as Defendants therein are Sergeant Rostkowski Warden Piazza and Correctional Officer Skurkis. Rostkowski and Skurkis were two of the Defendants named in Cora v. Skurkis, et al., Civil Action No. 3:10-CV-2059. Moreover, the allegations raised in the proposed amended complaint are either identical to assertions previously set forth in Civil Action No. 3:10-CV-2059 or directly related to claims set forth in that earlier action, which is still pending before this Court. In light of the liberal treatment afforded to *pro se* litigants, Plaintiff's submission (Doc. 7) will be construed as a proposed supplemental complaint in Civil Action No. 3:10-CV-2059. The Clerk of Court will be directed to make the necessary changes to the dockets of both actions.

**Discussion**

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.

---

²(...continued)
noted that Plaintiff's earlier action did not raise any claim based upon the handling of his incoming or outgoing mail. It also did not assert any violation of his right of access to the courts.

Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

A plaintiff, in order to state an actionable civil rights claim under § 1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).

Inmates have a constitutional right of meaningful access to the law libraries, legal materials, or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977). A prisoner's right to send and receive legal mail is uncontroverted and implicates both First and Sixth Amendment concerns, through the right to petition the government and the right of access to the courts. "When legal mail is read by prison employees, the risk is of a 'chill,' rendering the prisoner unwilling or unable to raise substantial legal issues critical of the prison or prison employees."

3

Proudfoot v. Williams, 803 F. Supp. 1048, 1052 (E.D. Pa. 1992).

In Lewis v. Casey, 518 U.S. 343, 351-54 (1996), the Supreme Court clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded. A plaintiff must also allege an actual injury to his litigation efforts.

In view of the decision rendered in Lewis, in order for an inmate to state a claim for interference with his receipt of legal documents such as suggested in the present case, he must demonstrate that he has suffered actual injury. See Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997)(concluding that Lewis effectively overruled Bieregu, necessitating a showing of actual injury where interference with legal mail is alleged).

Cora's pending Complaint asserts no claim that he has been subjected to any mishandling of legal documents being sent to him. Rather, Plaintiff asserts only that if any mail sent to him from this Court is returned as undeliverable it would be because he has been either released or transferred to another correctional facility. There are also no facts alleged which would show that there is a pattern or practice of mishandling of incoming legal documents at the Luzerne County Correctional Facility.

Plaintiff has also failed to demonstrate that he suffered any actual injury, such as dismissal of a suit or inability to pursue a legal claim due to mishandling of his incoming legal mail. In this vein it is noted that there is no indication that any correspondence sent to Plaintiff from this Court with respect to his previously filed civil rights action has been returned as undeliverable. Furthermore, this Court has not made any rulings in that action which were adverse to Plaintiff. Moreover, the wording of his pending Complaint further implies that no

4

mishandling of his incoming legal mail has previously occurred. Thus, based upon Cora's own admission that he has not been subjected to any mishandling of his incoming legal mail, entry of dismissal is warranted under the criteria established in Lewis and Oliver.

**Conclusion**

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774.[2] An appropriate Order will enter.[3]

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

DATED: NOVEMBER 30, 2010

---

[2] On November 18, 2010, Plaintiff filed a request seeking appointment of counsel. See Doc. 8. In light of the Court's disposition herein, his request will be denied as moot.

[3] If Cora can establish that he has actually been subjected to any unconstitutional handling of his incoming legal mail; he may file a motion for reconsideration or seek leave to submit a curative amended complaint within fourteen (14) days of the date of this Memorandum and Order.

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAMON M. CORA, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:10-CV-2341
:
JOSEPH PIAZZA, et al., : (Judge Munley)
:
    Defendants :

## ORDER

**AND NOW**, to wit, this 26th day of November, 2010, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1. Plaintiff's *in forma pauperis* motion is construed as a motion to proceed without full prepayment of fees and costs and the motion is **GRANTED**.

2. Cora's complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

3. Plaintiff's submission (Doc. 7) is construed as a proposed supplemental complaint in Civil Action No. 3:10-CV-2059. The Clerk of Court is directed to make the necessary corrections to the dockets of both actions.

4. The Plaintiff's motion for appointment of counsel (Doc. 8) is **DENIED AS MOOT**.

5. The Clerk of Court is directed to **CLOSE** this case.

6

6. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court